

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00356-CR

---

RICHARD PASILLAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the Criminal District Court No. 2
Tarrant County, Texas[1]
Trial Court No. 1771867, Honorable Brian Bolton, Presiding

---

July 30, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Richard Pasillas, appeals from the judgment of conviction rendered against him for continuous violence against the family, a third-degree felony, enhanced, for which the trial court assessed punishment at thirty years of confinement.[2]  By a single

---

[1] This case was transferred from the Second Court of Appeals in Fort Worth pursuant to a docket equalization order from the Supreme Court of Texas.  See TEX. GOV'T CODE § 73.001.  We apply that court's precedent to the extent it conflicts with our own.  TEX. R. APP. P. 41.3.

[2] See TEX. PENAL CODE § 25.11.

issue, Appellant contends the trial court violated his right of confrontation under the Sixth Amendment to the United States Constitution when it admitted body-worn camera footage of the complainant, Carrie Eagle, who did not testify at trial. We affirm.

**BACKGROUND**

A grand jury indicted Appellant for continuous violence against the family, alleging that he assaulted Carrie Eagle on two occasions, May 23, 2022, and March 14, 2023. Eagle did not testify at trial.

To prove the March 2023 assault, the State offered the testimony of several law enforcement officers and video recordings. In one recording, Appellant is heard telling officers that he and Eagle had argued and that he struck her in the mouth. Appellant did not object to the video or to the questions the State posed about his admissions. During closing argument, defense counsel acknowledged the weight of that proof, stating that although he would like the jury to find Appellant did not commit the assault, "I'm not dumb."

To prove the earlier May 2022 assault, the other predicate offense required to establish continuous violence against the family, the State again offered officer testimony and video. Fort Worth police officer Mike Salas, accompanied by officer Jesus Flores, arrived at a home on May 23, 2022, and found Eagle in pain and injured. Salas described several welt marks on Eagle's arms near the wrists, on her upper arms, and across her thighs and legs, with additional marks along the back of her arm toward the shoulder and across her triceps and back. Photographs of those injuries were admitted without objection. Salas agreed with the State's characterization that the injuries appeared to have been made by something long.

2

Officer Flores testified next. Like Salas, Flores said he saw Eagle that day and that she appeared to have been recently assaulted. According to Flores, Eagle said she had been assaulted and kept pointing to her injuries. The State then offered a non-audio recording of Flores's body-worn camera footage as State's Exhibit 21. Appellant made a compound objection:[3]

THE COURT:    Any objection to 21?

MR. DECKER:    Yes, Rule 801(a), a nonverbal conduct intended as a substitute for verbal testimony would still be hearsay and I think that's exactly what they're trying to do is to put in video of maybe Ms. Eagle, I'm not sure, that would be effectively testimony and she's not here to be confronted and so it calls into question confrontation clause under the U.S. and Texas Constitutions as well so we'd object on all three grounds.[4]

The State responded that it was offering the video without audio and that no depicted gesture amounted to a statement. The trial court overruled the objection and admitted the exhibit limited to its visual portion.

The exhibit runs approximately thirty-five minutes. It depicts Flores's arrival, his interaction with Eagle, and Eagle's placement in an ambulance for treatment. Early in the footage, Eagle is seen crying, gesturing, and showing the officer injuries on her arms and legs. For most of the remaining footage, Eagle sits in the ambulance while the officer completes paperwork and obtains her signature. After the video was played for the jury,

---

[3] Before the presentation of evidence, Appellant generally objected to admission of body-worn camera footage, but those objections rested purely on hearsay grounds.

[4] Appellant's brief limits his challenge to the Sixth Amendment. It offers no analysis or authority that Article I, section 10 of the Texas Constitution, or any other state provision, affords greater protection or was independently violated.

3

Flores testified, without objection, that Eagle's injuries were consistent with what she said had occurred.

The State also called Steven Russell, an emergency medical technician with MedStar and the Fort Worth Fire Department. Russell testified, without objection, that he responded to the same address on May 23, encountered Eagle in distress, and observed injuries on all four of her extremities. He recounted, again without objection, that Eagle said she had been asleep when her husband entered the room yelling and began striking her with a shower rod, that she curled into a fetal position, and that he struck her repeatedly on the arms and legs. On cross-examination, Russell confirmed that the injuries appeared on all four of Eagle's extremities.

## ANALYSIS

The Sixth Amendment guarantees the accused the right to be confronted with the witnesses against him. U.S. Const. amend. VI. That guarantee bars the admission of a testimonial statement by a non-testifying declarant unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68 (2004); *Wall v. State*, 184 S.W.3d 730, 734 (Tex. Crim. App. 2006). Nonverbal conduct is a statement in the first place only when it is an assertive substitute for verbal expression, as when a declarant answers a specific question through a gesture. *Foster v. State*, 779 S.W.2d 845, 862 (Tex. Crim. App. 1989).

Appellant does not identify which of Eagle's gestures he contends was testimonial, and we decline to decide whether the trial court erred in admitting Exhibit 21 into evidence. For purposes of this appeal, we assume without deciding that Eagle's act of pointing to

4

and displaying her injuries was a testimonial statement that she had been struck in an assault. Our inquiry is limited to whether the May 2022 video footage harmed Appellant. We hold that it did not.

When a violation of the Confrontation Clause occurs, we must reverse a judgment of conviction unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX. R. APP. P. 44.2(a); *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010). Whether the admission was harmless turns on four factors: the importance of the out-of-court statement to the State's case, whether the statement was cumulative of other evidence, the presence or absence of evidence corroborating or contradicting the statement on material points, and the overall strength of the prosecution's case. *Langham*, 305 S.W.3d at 582 (quoting *Scott v. State*, 227 S.W.3d 670, 690–91 (Tex. Crim. App. 2007)). We may also weigh the source and nature of the error, whether the State emphasized it, and how weighty the jury likely found the challenged evidence against the balance of the proof on the issue to which it relates. *Id.* The ultimate question is whether a reasonable probability exists that the error moved the jury from a state of non-persuasion to one of persuasion. *Id.*

The first factor concerns the importance of the assumed statement to the State's case. Eagle's identification of her injuries as the product of an assault bore on a necessary element of the offense, so its subject necessarily mattered to the State. That consideration, standing alone, favors Appellant.

The remaining factors point the other way. First, we hold that the footage was cumulative. Eagle's gestures added nothing the jury did not otherwise receive without

5

objection. Salas described the welt marks across Eagle's arms, legs, and back. The photographs of those injuries were admitted without objection. Russell testified that the injuries appeared on all four extremities. More directly still, Russell recounted, without objection, Eagle's account that her husband struck her repeatedly with a shower rod. The gestures were therefore cumulative of testimony and exhibits already before the jury.

Next, we hold that the State presented considerable evidence of the May 2022 assault and its injuries. The jury heard the sworn testimony of two officers, saw photographs admitted without objection, and an emergency medical technician who repeated Eagle's contemporaneous account of the attack. The March 2023 assault rested on Appellant's own recorded admission that he struck Eagle in the mouth; this was proof so strong that Appellant's trial counsel effectively conceded it in closing.

That leaves the final factor, and in this case the most significant one: whether other evidence corroborated or contradicted the assumed statement on the material points. The only statement Appellant identifies is Eagle's nonverbal act of pointing to the injuries on her arms and legs. That act, at most, showed the existence and location of her injuries. It did not identify who caused them.

The assailant's identity was established independently of the video, and no evidence contradicted it. Russell testified, without objection, that Eagle told him her husband had struck her with a shower rod while she lay in a fetal position. The video footage of Eagle's gestures therefore added nothing on the one point that mattered under § 25.11, whether Appellant committed the assault.

6

Weighing these factors together, no reasonable probability exists that the challenged evidence moved the jury from a state of non-persuasion to one of persuasion. Any error in admitting the muted video was harmless beyond a reasonable doubt. *See Langham*, 305 S.W.3d at 582. Appellant's sole issue is overruled.

### CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

Lawrence M. Doss
Justice

Do not publish.